# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DAN MCCONCHIE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-3091 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| CHARLES W. SCHOLZ, *et al.*, | ) | District Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |

_____

| | | |
|---|---|---|
| JULIE CONTRERAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-3139 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) | District Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EAST ST. LOUIS BRANCH NAACP, *et al.*, | ) | |
| | ) | |
| | ) | Case No. 21-cv-5512 |
| Plaintiffs, | ) | |
| | ) | Circuit Judge Michael B. Brennan |
| v. | ) | Chief District Judge Jon E. DeGuilio |
| | ) | District Judge Robert M. Dow, Jr. |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) | |
| | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |
| Defendants. | ) | |

## ORDER ON MOTION FOR CLARIFICATION OF OCTOBER 19, 2021 MEMORANDUM OPINION AND ORDER

PER CURIAM. Defendants' motions for clarification [*McConchie*, 134], [*Contreras*, 119] are granted. Defendants seek clarification on two issues:

(1) whether the Panel intends to hold a trial regarding the validity of the September map, Public Act 102-0663 ("September Redistricting Plan"), or whether (as Defendants understand) the Panel intends to approve a redistricting map following the Parties' submissions regarding the September Redistricting Plan, after which any Party may challenge the Court-approved map through motion practice and, if warranted, trial, or appeal; and

(2) whether the September Redistricting Plan has not been held invalid.

As to the first issue, Defendants read the opinion as having "instructed that the Parties are not to file dispositive motions under Rule 12(b) or Rule 56 challenging the allegations of the Second Amended Complaints," [*McConchie*, 134 at 2], [*Contreras*, 119 at 2], and as having made "clear that the Federal Rules' procedure for litigating the validity of the September Map, including Defendants' opportunity to file dispositive motions in response to the Second Amended Complaints, will not be followed," [*McConchie*, 134 at 3], [*Contreras*, 119 at 3]. That is incorrect. The opinion says only that "the Court will not *require* formal dispositive motion practice (*e.g.*, under Federal Rules of Civil Procedure 12(b) and 56) on the seconded amended complaints [*McConchie*, 116], [*Contreras*, 98]." [*McConchie*, 131 at 3, 40, 43], [*Contreras*, 117 at 3, 40, 43] (emphasis added). This language was deliberately selected in recognition of the possibility that the parties might choose to forgo certain motions—for example, if a party concludes that time is of the essence, so the expense and delay associated with motion practice might not be worth the effort. With that said, the Court has not foreclosed any party from filing any motion permitted under the Federal Rules of Civil Procedure.

Nor has the Court decided whether a trial or other court proceeding (such as an evidentiary hearing or oral argument) will (or will not) be needed. It is too soon to tell. The anticipated future course of the litigation will be discussed at the next status hearing and each hearing thereafter. While proceeding to a remedial phase gives the Court latitude in selecting the appropriate procedural mechanisms for arriving at a legally-valid redistricting map, the traditional vehicles for raising and resolving claims—complaints, answers, motions, hearings, and trials, *etc.*—remain available for use by the parties and the panel. To the extent that case management orders, including discovery and motion deadlines, need adjusting based on how the litigation unfolds, the Court will continue to work with counsel in balancing the need to develop the record with the need for a final decision in time for the Board of Elections to prepare for and the candidates to participate in a primary election next spring.[1] Magistrate Judge Jantz has full authority to continue adjusting dates set by her or by the panel as circumstances dictate. To the extent that motion practice, hearings, or arguments take time to prepare for and decide, the panel has ample authority to revise the timetables relating to the primary election. See, *e.g.*, Order Regarding Election Activities and the Election Calendar Regarding Illinois Public Act 97-14, *Comm. for a*

---

[1] We are aware that a related case has been filed, *East St. Louis Branch NAACP, et al. v. Illinois State Board of Elections*, Case No. 21-cv-5512. That case has been reassigned under Local Rule 40.4 to this panel. See [*Id.*, Dkt. No. 10]. We are encouraged by the representation by Plaintiffs in that case that they intend to abide by the existing schedule. Nevertheless, the addition of claims relating to legislative districts not mentioned in the *McConchie* and *Contreras* amended complaints, see [*id.*, Dkt. No. 1 (Compl.)], [*McConchie*, 116 (2d Am. Compl.)], [*Contreras*, 98 (2d Am. Compl.)], may add to the complexity of this matter and the time it will take to resolve.

*Fair and Balanced Map v. Ill. State Bd. of Elections, et al.*, No. 11-cv-05065 [Dkt. No. 145] (N.D. Ill. Nov. 22, 2011); Order Regarding Election Activities Involving Illinois Public Act 97-14, *Comm. for a Fair and Balanced Map, et al. v. Ill. State Bd. of Elections, et al.*, No. 11-cv-05065 [Dkt. No. 38] (N.D. Ill. Aug. 23, 2011).

      As to the second issue, the clarification is much more simply stated: the Court has not invalidated the September Redistricting Plan, and the September Redistricting Plan remains the "starting point" for further analysis [see 131, at 38].